IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01205-ZLW-KLM

VISTA RIDGE DEVELOPMENT, LLC,

    Plaintiff,

v.

ASSURANCE COMPANY OF AMERICA,

    Defendant.
_____

## ORDER
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Defendant's **Motion to Strike Affidavit of Dr. William Warfel** [Docket No. 43; March 20, 2009] (the "Motion").  The Motion was set for expedited briefing [Docket No. 45].  Plaintiff filed a Response on April 1, 2009 [Docket No. 47], and Defendant filed a Reply on April 3, 2009 [Docket No. 49].  The Motion is fully briefed and ripe for resolution.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part** for the reasons set forth below.

This case involves the interpretation of and coverage provided by an insurance contract. In response to a motion for summary judgment filed by Defendant, Plaintiff attached an affidavit written by its industry expert, Dr. Warfel [Docket No. 30-3]. Defendant contends that the affidavit of Dr. Warfel ("Affidavit") should be stricken because the Affidavit:  (1) was not properly disclosed as a supplemental disclosure as required by Fed. R. Civ. P. 26(a)(2); (2) was not properly disclosed pursuant to an outstanding document

request as required by Fed. R. Civ. P. 37; and (3) embraces the ultimate issues in the case without appropriate legal or factual support. *Motion* [#43] at 3-6. The Court addresses these contentions in two parts. First, the Court considers whether Plaintiff had a discovery obligation to disclose the Affidavit. If so, the Court considers whether Plaintiff's failure to disclose either as a supplemental disclosure or in relation to an outstanding document request was harmless. Second, the Court considers whether the Affidavit contains improper legal conclusions.

## I.     Discovery Obligation to Disclose

Defendant contends that the Affidavit "at the very least summarizes if not actually expands upon Dr. Warfel's previous report . . . ." *Motion* [#43] at 4. Defendant also argues that "the [A]ffidavit is directly responsive to the issues raised in Assurance's Motion for Summary Judgment, and it differs from the original, rambling report of Dr. Warfel in that manner." *Reply* [#49] at 2. However, Defendant fails to direct the Court to any opinion, conclusion, or fact asserted in the Affidavit that goes beyond the information contained in Dr. Warfel's original report. As Plaintiff aptly notes, "Defendant has made no argument, nor can it, that [the Affidavit] contains even one opinion that was not timely and properly disclosed to the Defendant. Defendant cites to no portion of the affidavit that actually 'expands upon' previously disclosed information." *Response* [#47] at 1-2.

I agree with Plaintiff. To the extent that the Affidavit merely restates conclusions and opinions already contained in Dr. Warfel's report, it does not constitute supplemental or new information subject to discovery via either supplemental disclosure or document request. Pursuant to Fed. R. Civ. P. 37(c)(1), a party who without substantial justification fails to timely disclose information is prohibited from presenting evidence related to it at

trial. "This sanction is mandatory unless the non-disclosing party shows a substantial justification or that the failure to disclose was harmless." *Cook v. Rockwell*, 233 F.R.D. 598, 600 (D. Colo. 2005). However, there is no continuing obligation to disclose an expert opinion that has been previously disclosed in a slightly different form.

Here, I find that Defendant has failed to articulate any new information contained in the Affidavit that mandated its disclosure in advance of Plaintiff's use of it in support of the response to the motion for summary judgment. To the extent that Defendant alternatively argues that the Affidavit should be viewed as an exhibit to Dr. Werfel's original report, I disagree. *See* Fed. R. Civ. P. 26(a)(2)(B)(iii). The Affidavit did not exist at the time the original report was created and was not an exhibit to it. However, I nevertheless consider whether Plaintiff's failure to provide the Affidavit sooner was substantially justified or harmless. To this end, I consider:

> the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

As to the first factor, the prejudice to Defendant is less than clear. Defendant's primary argument in this regard is that the Affidavit would have been useful during Dr. Warfel's deposition which occurred three weeks prior to the date the Affidavit was docketed. *Motion* [#43] at 4. Given that Defendant has been unable to point to any new information contained in the Affidavit, Defendant's argument is unpersuasive.

As to the second factor, Defendant had an opportunity to cure any alleged prejudice

it purports to have suffered by seeking to reopen Dr. Warfel's deposition and/or addressing any new information in its reply to Plaintiff's response to the motion for summary judgment. To this end, Plaintiff informs that Court that its counsel "offered repeatedly to make Dr. Warfel available for a subsequent deposition if any new information was discovered in the affidavit that the Defendant wished to ask about." *Response* [#47] at 4. Defendant never attempted to reopen Dr. Warfel's deposition.

As to the third and fourth factors, no trial date has been set and no bad faith has been shown. While admittedly, Plaintiff could have provided a draft of the Affidavit during Dr. Warfel's deposition, (1) it had no obligation to do so; and (2) the Affidavit was not in its completed form at that time. *See id.* at 3 (noting that at the time of the deposition, the Affidavit "was a work in progress" but did "not contain any new or different opinions"). Defendant was provided the final version three weeks later as an attachment to Plaintiff's response to the motion for summary judgment.

Accordingly, I find that Defendant has failed to articulate grounds for striking the Affidavit as a discovery sanction pursuant to Fed. R. Civ. P. 26 and 37.

**II.     Improper Legal Conclusions**

Defendant contends that "[t]hroughout the entirety of the Affidavit . . ., Dr. Warfel states legal conclusions that are to be determined by this Court or the fact finder, with no supporting factual or legal information demonstrating any basis for these conclusions." *Motion* [#43] at 5. However, Defendant only directs the Court to one specific statement in the nineteen-page Affidavit, which states:

> Assuming that legal responsibility for this error should be assigned, at least in part, to the insurance agent, this legal responsibility is imputed to Assurance. Such is the case because an insurance agent is the legal

> representative of the insurance carrier as opposed to the policyholder. In any event, only a factfinder can resolve the issues of this sort.

*Affidavit* [#30-3] at 8. This statement, while purporting to reach a legal conclusion, also acknowledges that such conclusion is subject to the finder of fact's ultimate legal analysis. While it arguably impermissibly reaches a legal conclusion, the harmfulness of this statement appears limited given that it will be considered and accepted or rejected by a judge, not a jury, on Defendant's motion for summary judgment. Regardless, the statement is analogous to a statement that was stricken in *Myers v. Mid-West Nat'l Life Ins. Co.*, No. 04-cv-00396-LTB-KLM, 2008 WL 4002429, at *2 (D. Colo. Aug. 25, 2008) (unpublished decision) because it "states an opinion on an ultimate issue without adequately exploring the criteria on which it is based . . . ." (citation omitted). Accordingly, I agree that this statement should be stricken.

However, as noted above, Defendant cites to no other specific statement in support of its contention that the Affidavit is rife with unsupported and conclusory legal statements. Like the Court in *Myers*, I decline to "parse through the affidavit line by line in order to identify the portions that should be stricken on this basis." *Id.* Rather, upon review of the Affidavit in conjunction with the briefing on the motion for summary judgment, the Court is free to accept or "reject the opinions [contained in the Affidavit] as necessary and appropriate . . . ." *Id.*

Accordingly, while I find that Defendant has articulated sufficient grounds to strike a statement contained in the Affidavit, Defendant has failed to justify striking the entire Affidavit.

IT IS FURTHER **ORDERED** that the language quoted above and contained in the

first paragraph on electronic page 8 of the Affidavit [#30-3] is **stricken**.

Dated:  April 7, 2009

                                        BY THE COURT:
                                          s/ Kristen L. Mix
                                        U.S. Magistrate Judge
                                        Kristen L. Mix