IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-01205-ZLW-KLM

VISTA RIDGE DEVELOPMENT, LLC,
    Plaintiff,
v.

ASSURANCE COMPANY OF AMERICA,

    Defendant.
_____

**ORDER**
_____

The matter before the Court is Plaintiff's Motion For Reconsideration Of Order Granting Defendant's Motion For Summary Judgment And The Entry Of Judgment (Doc. No. 60). The Court has reviewed again the briefing, exhibits, and legal authority pertaining to Defendants' Motion For Summary Judgment which the Court granted on April 20, 2009. The Court declines to reconsider its Order, but, in response to Plaintiff's motion, provides the following additional discussion.

This case concerns a dispute over insurance coverage for cracking in pavement installed in a residential development. Plaintiff Vista Ridge Development, LLC is a builder. On October 12, 2005, Plaintiff hired subcontractor (and non-party) American Infrastructures, Inc. (American Infrastructures) to perform work including the construction of streets, curbs, gutters, and sidewalks for a subdivision Plaintiff was building in Erie, Colorado. Construction of the streets, curbs, gutters, and sidewalks

began in November 2005, and was completed in April 2006.[1]  Thereafter, Defendant Assurance Company of America issued a Builder's Risk Policy (Policy) to Plaintiff with an effective date of May 26, 2006.[2]  The purpose of a builder's risk policy is to "provide coverage for buildings while under construction.  It covers the contractor's interest in materials at the job site before they are installed, materials in transit intended for the job and the value of the property being constructed until it is completed and accepted by the owner."[3]

In October 2006, Plaintiff first noticed distress in the pavement installed by American Infrastructures.[4]  Plaintiff discovered the full extent of the pavement cracking in the fall of 2007.[5]  Defendant has refused to pay for the cracking damage under the Policy.  Defendant argues that the streets, curbs, gutters, and sidewalks are not "Covered Property" under the Policy because construction of the streets, curbs, gutters, and sidewalks was started and completed prior to the inception date of the Policy.

Interpretation of a written contract is a question of law.  "An integrated contract in the first instance is to be interpreted in its entirety with the end in view of seeking to harmonize and to give effect to all provisions so that none will be rendered

---

[1] See Defendant's Motion For Summary Judgment Ex. B (Doc. No. 18-3) at 3-4.

[2] See id. Ex. D (Doc. No. 18-5).

[3] Briarwoods Farms, Inc. v. Central Mutual Ins. Co., 866 N.Y.S.2d 847, 855 n.12 (N.Y. Supp. 2008) (emphasis added).

[4] Defendant's Motion For Summary Judgment Ex. G (Doc. No. 18-8) at 4.

[5] Id. Ex. B. (Doc. No. 18-3) at 3.

meaningless."[6]  Here, the Policy states, in relevant part:

> 1. COVERED PROPERTY, as used in the Coverage form means:
>
>    a. Property which has been installed, or is to be installed in any commercial structure and/or any single family dwelling, private garage, or other structures that will be used to service the single family dwelling at the location which you have reported to us.  This includes:
>
>       (1) Your property;
>
>       (2) Property of others for which you are legally responsible;
>
>       (3) Paving, curbing, fences and outdoor fixtures;
>
>       (4) Trees, shrubs, plants and lawns installed by you or on your behalf;
>
>       (5) Completed single family dwelling(s) which is being used as a Model Home when reported to us as such on monthly reports with an amount shown; and
>
>       (6) Foundations of buildings and foundations of structures in the course of construction.[7]

However, the Policy goes on to state:

> 2. PROPERTY NOT COVERED
>
>    Covered Property does not include:
>
>    . . .

---

[6]Pepcol Mfg. Corp. v. Denver Union Corp., 687 P.2d 1310, 1313-14 (Colo. 1984).

[7]Defendant's Motion For Summary Judgment Ex. D (Doc. No. 18-5) at 4.

> > d.  *Existing Inventory*, unless specifically endorsed;
>
> . . .[8]

The Policy defines "*Existing Inventory*" as "buildings or structures where construction was started or completed prior to the inception date of this policy."[9]

It is undisputed that the construction of the streets, curbs, gutters, and sidewalks at issue in this case was started and completed before the inception date of the Policy. It is also undisputed that Plaintiff never added the existing streets, curbs, gutters, and sidewalks to the Policy by endorsement.[10] Plaintiff nonetheless contends that the streets, curbs, gutters, and sidewalks do not qualify as (non-covered) "existing inventory." Plaintiff argues that because the Policy states that "Covered Property" includes property which "has been installed," and then specifically mentions paving and curbing, among other things, then any paving and curbing which was installed *prior to the inception date of the Policy* is covered. Plaintiff is attempting to inject the phrase "prior to the inception date of the Policy" where it does not, and cannot logically, exist.[11] According to the Policy language, "Covered Property" includes all property that "has

---

[8]Id. at 4-5.

[9]Id. at 20.

[10]See id. at 1-2.

[11]Although Plaintiff asserts that "[t]he Court's interpretation [of the Policy] . . . completely ignores the express Policy language providing coverage for 'preexisting pavement,'" (Plaintiff's Motion For Reconsideration Of Order Granting Defendant's Motion For Summary Judgment And The Entry Of Judgment (Doc. No. 60) at 2), the phrase "preexisting pavement" appears nowhere in the Policy. There is no Policy term providing coverage, either expressly or impliedly, for pavement installed prior to the Policy inception date.

been installed, or is to be installed in any commercial structure and/or any single family dwelling, private garage, or other structures that will be used to service the single family dwelling," including, at subparagraphs (1) and (2), "Your [the policyholder's] property," and "Property of others for which you are legally responsible."  Paving and curbing also are included, at subparagraph (3).  If, as Plaintiff argues, paving and curbing started or completed prior to the inception date of the Policy are covered as a result of the presence of the phrase "has been installed" in the Covered Property provision, then all of "Your property" and "Property of others for which you are legally responsible" installed in a structure[12] for which construction was started or completed prior to the inception date of the Policy also must be covered.  The "has been installed" language cannot be applied only to subparagraph (3); it must be applied to subparagraphs (1) and (2) as well.[13]  However, "Your property" and "Property of others for which you are legally responsible," taken together, encompass essentially all property installed in any structure.[14]  If all property installed in a structure whose construction was started or completed prior to the inception date of the Policy is covered, then the "Existing Inventory" provision is rendered completely meaningless.  Such an interpretation of the Policy cannot be appropriate.[15]

---

[12]Specifically, any "[1]commercial structure . . . , [2] single family dwelling, [3] private garage, or [4] other structures that will be used to service the single family dwelling[.]"  Defendant's Motion For Summary Judgment Ex. D (Doc. No. 18-5) at 4.

[13]The language also applies, of course, to subparagraphs (4), (5), and (6).

[14]The only property not encompassed by these two categories is property of others for which the insured is not legally responsible.

[15]See Pepcol, 687 P.2d at 1313.

The Policy provides that property which "has been installed" in a structure whose construction was begun after May 26, 2006, (the inception date of the Policy) is covered, but property which "has been installed" in a structure whose construction was begun before May 26, 2006, is not covered. If construction of the streets, curbs, gutters, and sidewalks had been started after May 26, 2006, then the damage to those streets, curbs, gutters, and sidewalks would have been covered by the Policy, if not otherwise excluded. However, the construction of the streets, curbs, gutters, and sidewalks was started and completed prior to May 26, 2006. Thus, the damage at issue here is not covered. The Court, after reviewing the present motion and all of the underlying briefing and legal authority, concludes that summary judgment properly was entered in Defendant's favor. Accordingly, it is

ORDERED that Plaintiff's Motion For Reconsideration Of Order Granting Defendant's Motion For Summary Judgment And The Entry Of Judgment (Doc. No. 60) is denied.

DATED at Denver, Colorado this 14th day of May, 2009.

BY THE COURT:

*Zita L. Weinshienk*
_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court